The Chancellor.
This is an ordinary bill for the foreclosure and sale of mortgaged premises. There are two mortgages — one dated 26th September, 1842, to secure the sum of §350 and interest, the other dated the 7th of March, 1846, to secure the sum of §234.62 and interest. The defence set up is that the mortgages are paid and satisfied.
The answer of the defendant, George Herrick, alleges that, in the year 1847, the complainant sent one Josiah I). 'WTlkham, as his agent, to the defendant, Herrick, who was then residing, and still resides, about one hundred and fifty miles in the interior of the state of Pennsylvania, and proposed that Iierrick and his wife should convey, by a good deed of warranty, the mortgaged premises to the complainant, in satisfaction of the two mortgages; that *498 the proposition was accepted, and that, accordingly, Herrick and his wife executed a warranty deed to the complainant for the land embraced in the mortgages; that the deed was sent to the complainant, who acknowledged the receipt of the same, and that he entered into possession under the deed.
This is the only issue made by the pleadings. The complainant produces the bonds and mortgages upon which his bill is filed. It is incumbent upon the defendant to show that the agreement which he sets up in his answer was carried out, and that he and his wife executed a deed for the mortgaged premises to the complainant, which he accepted in discharge and satisfaction of the mortgage debt. The defendant does not sustain his defence. He proves the agreement as alleged; but when he comes to show its execution on his part, it turns out that he and his wife have never executed a deed to the complainant. A deed, was signed by himself and wife, and purports to have been acknowledged by both of them before a justice of the peace of the state of Pennsylvania. As far as the wife is concerned, the deed is worthless. It is not acknowledged by her in conformity to the statute, and does not transfer her interest in the land. This is the more important in this case, as the land belongs to the wife, and came to her hy inheritance. This deed, therefore, conveys no more than the life estate of the husband in the land.
But further, the complainant, in reply to this defence, shows that, previous to the execution of this deed, Herrick and wife had conveyed the land to Mrs. Dunham, the mother of Herrick; so that, at the time of the execution of the warranty deed to the complainant, Herrick himself had no title whatever in the land. In equity, certainly, Herrick could never claim that such a deed was a compliance with the agreement which he had entered into with the defendant, to give him a good deed with warranty of title. Herrick not being in a situation to convey a title, the complainant was not bound to perform the *499 agreement on his part. Judson v. Wass, 11 Johns. R. 525; Porter v. Noyes, 2 Greenleaf 22.
The issue which is made by the answer is not sustained on the part of the defendant. Upon the pleadings, as they now stand, the complainant is entitled to a decree for an account upon his mortgage securities. A very different defence is made out by the evidence in the cause. It is shown that the complainant has procured a deed for the land from Mr. Dunham, and it is insisted that the evidence shows that the title of the complainant is perfect. I think the evidence shows such a state of facts as would entitle the defendant, Herrick, to have his bonds delivered up and cancelled, upon his executing, with his wife, a deed to the complainant. Dut I can make no such decree in this case. If the defendant desires such relief, he must file a cross-bill. The complainant must have an opportunity of being heard upon the issue which has been made outside of the pleadings. Although the evidence, as it stands, might entitle the defendant to the relief I have intimated, yet when the complainant has an opportunity afforded him of meeting that issue by his answer and by testimony, he may alter entirely the aspect of the case which is now presented by the evidence. The case is a peculiar one, and it appears to me equitable that the complainant should have the opportunity afforded him of filing a cross-bill, if he desires it.
If the complainant cannot make the case different upon a cross-suit, from 'what it now appears by the evidence, I would recommend to the parties not to pursue this litigation further, but that a decree be made by consent, that the deed shall be delivered to the complainant, and the bonds and mortgages cancelled, and that the defendants pay the taxed costs of this suit.